Martin B. Stecher, J.
Plaintiff brings an action on a check, payment of which was stopped by the defendant. Defendant admits all of the material allegations of the complaint, and we are thus concerned exclusively with his counterclaims.
Plaintiff conveyed her home to defendant. Pursuant to the terms of the contract of sale she took back a purchase-money second mortgage payable, with interest, three months after closing. During the said three months, she was permitted to reside in the house, rent free: The contract of sale also provided that “ included in this sale ” were a “ hi-fi system ”, certain lighting fixtures and a bronze sculpture shell.
On June 28,1967, two days before the date fixed in the contract for surrender of possession of the premises and payment of the second mortgage, the plaintiff quit the premises. The following day, June 29, 1967, at her attorneys’ office, she surrendered the keys, delivered a mortgage satisfaction and received the proceeds of the mortgage, including an uncertified check for $611.50. The defendant buyer thereupon went promptly to the premises, found that the hi-fi set did not work and that certain lighting fixtures were allegedly missing, as was the bronze sculpture shell. He recorded the satisfaction, stopped payment on the uncertified check, and this lawsuit resulted.
The defendant’s claims concerning the hi-fi set and the lighting fixtures are without merit. The former was purchased “ as is ” and there is no showing that its condition on June 29 differed from the condition existing on the day the contract was signed, or that it had suffered (in the language of the contract) other than “reasonable wear and tear”. As to the lighting fixtures, I find that none sold to defendant were removed from the premises.
I further find that the sculpture, which was on the premises on the plaintiff’s departure on June 28, suffered an unexplained disappearance during the following 24 hours. The sole remaining question, therefore, is, on whom does the risk of loss fall? The contract does not say.
*877 Finding the “ intent ” of the parties requires an election between fictions. Did the parties “ intend ” to apply the Sales Act (Uniform Commercial Code, § 2-509, subd. [3]) imposing the risk on the seller, regardless of the passage of title, until delivery of the chattel was tendered to the buyer? Or did the parties “ intend ” to apply to this chattel the Uniform Vendor and Purchaser Risk Act (General Obligations Law, § 5-1311, subd. 1, par. b, formerly Real Property Law, § 240-a), which imposes risk of destruction of the “ subject matter ” of a contract for the sale of realty on the buyer, regardless of possession, once title to the realty has passed?
Examination of the legislative intent of these statutes compels us to apply the Sales Act. Realty is fixed in location, available for inspection, and casualty insurance almost invariably accompanies title. Where chattels are concerned, however, the buyer out of possession “ has no control of the goods and it is extremely unlikely that he will carry insurance on goods not yet in his possession.” (Official Comment to Uniform Commercial Code, McKinney’s Cons. Laws of N. V., Book 62%, p. 443.)
The court is fully mindful of the anomaly which may be implicit in applying differing risk-of-loss rules to realty and personalty sold under the same contract; and the finding of 11 intent ” might vary if the lost or destroyed property was that which customarily accompanies realty, such as blinds, refrigerators and the like. It is to be observed, however, that such anomalies are readily obviated by appropriate draftsmanship.
I find that “ tender ” of delivery of the sculpture in this case constituted turning over the keys to the premises and a reasonable time thereafter for the buyer to take physical possession. The shell having disappeared before the completion of tender, the risk of loss is on the seller. The unpaid check was in the sum of $611.50 and I find the value of the sculpture to have been $150. Accordingly, the plaintiff is entitled to judgment in the sum of $461.50, with interest, costs and disbursements.